UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

OCT 26 2018

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

| | |
|---|---|
| BOBBY L. OSBORN, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil No. 5:18-CV-16-OLG |
| ) | |
| MEGAN J. BRENNAN, Postmaster General, ) | |
| United States Postal Service, ) | |
| ) | |
| *Defendant.* ) | |

## ORDER

This case is before the Court on Plaintiff's Motion to Compel Answers to Interrogatories and Requests for Production (docket no. 12). The Court finds that the motion should be GRANTED IN PART and DENIED IN PART as set forth below.

### Background

Plaintiff, a former employee of Defendant, alleges that Defendant discriminated against him on the basis of disability by failing to provide reasonable accommodations related to his work duties and retaliating against him for making accommodation requests, in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Docket no. 1 at 2-5. Plaintiff's motion to compel seeks responses to his interrogatories numbers 3, 4, 5, and 6, and requests for production (RFPs) 9, 10, and 11, which, generally, sought information and documents related to any complaints and charges of disability-based discrimination submitted since 2013 by other employees of Defendant who held the same job title and worked at the same location as Plaintiff. Docket no. 15 at ¶ 2. Defendant objected to these discovery requests on the basis on relevance and overbreadth grounds, and argues that Plaintiff is entitled to discovery only regarding other alleged acts of discrimination "if they involve the same form of discrimination, the same

department where the plaintiff worked, and employees who are similarly situated to the plaintiff." Docket no. 15 at ¶ 4 (citing *Marchese v. Sec'y, Dept. of the Interior*, CIV.A. 03-3082, 2004 WL 2297465, at *3 (E.D. La. Oct. 12, 2004)).

Plaintiff also seeks to compel responses to his RFP number 6, which sought "information related to job performance from the personnel files of all employees who made the decision to terminate Plaintiff, including Anthony S. Hasley and Edward L. Gomes." Docket no. 12. Defendant objected to this request on relevance, overbreadth, and burden grounds, and argues that disclosure of this information would also be prohibited under the Privacy Act. Docket no. 12 at 3.

## Legal Standards and Analysis

"Courts generally allow discovery of other claims and lawsuits against an employer that are sufficiently similar to the plaintiff[']s claims." *Choate v. Potter*, 3-06-CV-2146-L, 2008 WL 906784, at *2 (N.D. Tex. Apr. 3, 2008); *Diloreto v. Towers Perrin Forster & Crosby, Inc.*, 3:09-CV-1280-B, 2010 WL 11619087, at *3 (N.D. Tex. Aug. 20, 2010) (citing *Mitchell v. National R.R. Passenger Corp.*, 208 F.R.D. 455, 460 (D.D.C. 2002)). This generally permits the discovery by a plaintiff of evidence related to discrimination against other employees of the defendant employer "if limited to (a) the same form of discrimination, (b) the same department or agency where plaintiff worked, and (c) a reasonable time before and after the discrimination complained of." *Diloreto*, 2010 WL 11619087, at *3; *see also Kelly v. Boeing Petroleum Services, Inc.*, 61 F.3d 350, 358 (5th Cir. 1995) ("When a plaintiff must prove intentional discrimination, a district court can abuse its discretion by limiting a plaintiff's ability to show the 'atmosphere' in which the plaintiff[ ] 'operated.'" (internal quotation marks omitted)).

Courts have also described the scope of discoverable material in this context as reaching discrimination complaints filed by employees that are "similarly situated" to the Plaintiff. *Gillum v. ICF Emergency Mgmt. Services, LLC*, CIV.A. 08-314-C-M2, 2009 WL 2136269, at *6 (M.D. La. July 16, 2009); *Glenn v. Williams*, 209 F.R.D. 279, 281 (D.D.C. 2002). Defendant argues that "similarly situated employees are only . . . drivers who made disability discrimination complaints against Anthony Hasley and Edward Gomes." Docket no. 15 at ¶ 6. The Court does not agree. First, contrary to Defendant's contention that "[t]his complaint alleges a single instance of disability discrimination by [Anthony] Hasley and [Edward] Gomes[,]" docket no. 15 at ¶ 3, the complaint in fact alleges several instances of discriminatory conduct by numerous supervisory personnel, including Juan Robles, Anthony Hasley, Carl Jemerson, and Marco Cole—conduct that, even if insufficient to state a discrete Section 504 violation, may nonetheless be "probative whether an employee was discharged because of discriminatory animus." *Kelly v. Boeing Petroleum Services, Inc.*, 61 F.3d 350, 358 (5th Cir. 1995). In part because Plaintiff's claims do not arise from the alleged acts of a particular supervisor, the Court finds that limiting the discovery of other complaints of discrimination to those asserted against a particular supervisor would be too restrictive. *Gillum*, 2009 WL 2136269, at *6 & n.8. Significantly, the Fifth Circuit case that Defendant relies upon for the proposition that employees with different supervisors cannot be "similarly situated," *Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000), considers the similarity between employees not in the context of whether other claims of discrimination were discoverable, but in the substantially narrower context of whether such evidence were admissible at trial. *See also Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (discussing whether employees are "similarly situated" in the context of establishing the discriminatory character of an adverse employment action). Plaintiff's

interrogatories numbers 3, 4, 5, and 6 and RFPs 9, 10, and 11 limit Plaintiff's requests for other claims to claims of disability discrimination or failure to provide reasonable accommodation asserted since 2013 by employees who held the same job title as Plaintiff and worked at the same facility. Docket no. 15 at ¶ 2 (interrogatories and RFPs seeking discrimination or reasonable accommodation claims "any TTO/Driver and 10410 Perrin Beitel, San Antonio, Texas since January 1, 2013"); *compare to Diloreto*, 2010 WL 11619087, at *3 (discoverability turns on whether the others claims arise from "the same form of discrimination, . . . the same department or agency where plaintiff worked, and . . . a reasonable time before and after the discrimination complained of."). The Court therefore concludes that Plaintiff's motion to compel should be GRANTED as to interrogatories numbers 3, 4, 5, and 6 and RFPs 9, 10, and 11.

It appears that Defendant's Privacy Act-based objections to Plaintiff's request for production of Hasley's and Gomes's personnel files have been resolved by the entry of an Agreed Privacy Act Protective Order, and that Defendant's remaining objections are limited to "its argument that the job performance portions of Hasley's and Gomes' personnel files are irrelevant to a claim or defense in this case." Docket nos. 14; 15 at ¶ 9. Records within a supervisor's personnel files that "include information relating to the reasons for plaintiff's termination or other complaints of . . . discrimination or retaliation, they are clearly relevant and must be produced." *Smith v. DeTar Hosp. LLC*, CIV.A. V-10-83, 2011 WL 6217497, at *3 (S.D. Tex. Dec. 14, 2011) (quoting *Beasley v. First American Real Estate Information Services, Inc.*, 2005 WL 1017818 (N.D.Tex. Apr. 27, 2005)). However, "plaintiff is not entitled to rummage through the personnel files . . . in hopes of discovering information that might possibly be relevant to his claim" and the defendant therefore "need only produce documents from the personnel files . . . pertaining to plaintiff's termination or other complaints of . . . discrimination

or retaliation." *Id.* Plaintiff argues that the job performance portions of Hasley's and Gomes's personnel files would "help show that these supervisors suffered no consequences for terminating a person with a disability" and that they "were rewarded for discriminating against Plaintiff." Docket no. 12 at 4. However, Plaintiff does not explain the relevance of evidence that Plaintiff's supervisors were rewarded and not punished for their allegedly discriminatory acts to a showing that those acts were in fact discriminatory. Accordingly, the Court finds that Plaintiff's motion to compel should be DENIED as to Plaintiff's RFP number 6, except to the extent that materials responsive to that request relate to adverse actions against Plaintiff or other allegations of discriminatory conduct.

## Conclusion and Order

It is therefore ORDERED that Plaintiff's Motion to Compel Answers to Interrogatories and Requests for Production (docket no. 12) is GRANTED IN PART as to Plaintiff's interrogatories numbers 3, 4, 5, and 6 and requests for production 9, 10, and 11 and DENIED IN PART as to Plaintiff's request for production number 6, except to the extent that materials responsive to that request relate to adverse actions against Plaintiff or other allegations of discriminatory conduct.

SIGNED this 26 day of October, 2018.

ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE